UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCHE E., <br>         Plaintiff, <br> v. <br> CAROLYN W. COLVIN, et al., <br>         Defendants. | Case No. 24-cv-09337-JST <br><br> **ORDER GRANTING MOTION FOR REVERSAL AND REMAND** <br><br> Re: ECF No. 13 |

Plaintiff seeks judicial review of the Social Security Administration Commissioner's ("Commissioner") denial of his application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). Before the Court is Plaintiff's motion for reversal and remand for the award of benefits, or in the alternative, reversal and remand for further administrative proceedings, ECF No. 13, and the Commissioner's brief, ECF No. 18, which seeks remand for further proceedings rather than immediate payment of benefits. The matter is deemed fully briefed and submitted without oral argument pursuant to Civil Local Rule 16-5. The Court will grant Plaintiff's motion.

I.  **BACKGROUND**

Plaintiff was born in San Francisco, California. Administrative Record ("AR")[1] 580. He has a high school education. AR 45–46, 580. He has almost no work history and no earnings since 2007. AR 331. He has been homeless for the majority of the pendency of this claim. AR 565, 581, 591.

Plaintiff is morbidly obese, at 5'5" and over 400 pounds. His alleged physical impairments include gout, osteoarthritis of the spine, and bilateral sciatica. AR 19. He has been

---

[1] The Administrative Record is lodged at ECF No. 11.

1   diagnosed with borderline intellectual functioning, PTSD, schizoaffective disorder, generalized
2   anxiety disorder, major depressive disorder, and a substance use disorder. AR 570, 582, 588, 597,
3   606, 714.

4         Plaintiff filed a claim for Title XVI disability benefits on June 30, 2022. AR 82. After two
5   initial denials and a telephonic hearing, the ALJ issued an unfavorable decision on October 25,
6   2024. That decision is the subject of the action now before the Court. In reaching this decision,
7   the ALJ used the five-step sequential evaluation process for disability determinations required by
8   SSA regulations. 20 C.F.R. § 416.920(a)(1).

9         The ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity
10  since June 30, 2022, the amended alleged onset date. AR 19. At the second step, the ALJ found
11  that Plaintiff had the following severe impairments: poly-substance abuse disorder; morbid
12  obesity; gout; osteoarthritis of the spine; bilateral sciatica; unspecified depressive disorder;
13  unspecified anxiety disorder; unspecified opioid-related disorder; borderline intellectual
14  functioning; and alcohol use disorder. *Id.* At the third step, the ALJ found that Plaintiff's
15  impairments, including his substance use, met or medically equaled the severity of one of the
16  impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ also determined that if Plaintiff
17  stopped substance use, his remaining limitations would still be a severe impairment but would not
18  meet or medically equal the severity of one of the listed impairments. AR 24–25. At the fourth
19  step, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform
20  sedentary work as defined in 20 C.F.R. § 416.967(a) and to perform low-stress work. AR 26. At
21  the fifth step, the ALJ concluded that if Plaintiff stopped substance use, there were jobs that exist
22  in significant numbers in the national economy that Plaintiff could perform. AR 31. The ALJ
23  ultimately determined that Plaintiff's substance use disorder was a contributing factor material to
24  the determination of disability and that he would not be disabled within the meaning of the Social
25  Security Act if he stopped the substance use. AR 32.

26        On November 8, 2024, the Appeals Council denied plaintiff's request for review of the
27  ALJ's decision. AR 1. Plaintiff timely filed this action seeking judicial review of the
28  Commissioner's decision. ECF No. 1.

**II.     JURISDICTION**

This Court has jurisdiction to review final decisions of the Commissioner pursuant to 42 U.S.C. § 405(g).

**III.    LEGAL STANDARD**

**A.     SSI Benefits Framework**

A five-step framework governs whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920; *Maxwell v. Saul*, 971 F.3d 1128, 1130 n.2 (9th Cir. 2020). The burden is on the claimant for steps one through four but shifts to the Commissioner at step five. *Maxwell*, 971 F.3d at 1130 n.2.

The first step in the framework asks the ALJ to determine whether the claimant is engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant cannot be found disabled. *See* 20 C.F.R. §§ 404.1572, 416.972. If not, the ALJ proceeds to step two.

At step two, the ALJ determines whether the claimant's impairment is sufficiently severe to limit their ability to work. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). The step-two inquiry is a "de minimis screening" to weed out "groundless" claims of impairment. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ should find an impairment "not severe" only if the medical evidence clearly establishes that the impairment has no more than a minimal effect on the individual's ability to work. *Webb*, 433 F.3d at 686. If the impairment is severe, the ALJ continues to step three.

Step three requires the ALJ to determine whether the impairment is included on the impairment list of the CFR Appendix 1 and whether it meets the 12-month duration requirement. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant suffers from multiple impairments, the ALJ should consider the impairments together to determine whether they meet or equal the characteristics of a listed impairment. *See* 20 C.F.R. §§ 404.1526(b)(3), 416.926(b)(3); *see also Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). If the impairment is listed and has persisted or is expected to persist for more than 12 months, the ALJ proceeds to step four.

At step four, the ALJ determines, considering all impairments in combination, the

3

claimant's residual functioning capacity (RFC).  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Buck*, 869 F.3d at 1048.  Given the claimant's RFC, the ALJ determines whether the claimant can still perform their past relevant work.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Buck*, 869 F.3d at 1048.  If the ALJ determines that the claimant cannot perform their past relevant work, the ALJ proceeds to the fifth step.

"At this point—step five—the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience."  *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing 20 CFR § 404.1560(b)(3)).  The Commissioner may establish the existence of these jobs through vocational expert testimony or review of the Medical-Vocational Guidelines.  *Maxwell*, 971 F.3d at 1130 n.2.  If the Commissioner cannot establish the availability of other substantial gainful work, they must award benefits.  *Reddick v. Chater*, 157 F.3d 715, 729-30 (9th Cir. 1998); *Sisco v. U.S. Dep't of Health and Human Servs.*, 10 F.3d 739, 745 (10th Cir. 1993).

### B.      Standard of Review

"The Court may set aside a denial of benefits only if not supported by substantial evidence in the record or if it is based on legal error."  *Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1084–85 (9th Cir. 2000); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  It is "more than a scintilla but less than a preponderance."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quotation marks and citation omitted).  The Court "review[s] the administrative record in its entire[ty] to decide whether substantial evidence to support the ALJ's decision exists, weighing evidence that supports and evidence that detracts from the ALJ's determination."  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ."  *Id.* at 1258.  The ALJ is responsible for determinations of

4

1  credibility, resolution of conflicts in medical testimony, and resolution of all other ambiguities.
2  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Additionally, courts "cannot affirm the
3  decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v.*
4  *Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). "Even when the ALJ commits legal error, [courts]
5  uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate
6  nondisability determination, or that, despite the legal error, the agency's path may reasonably be
7  discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v.*
8  *Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quotation marks and citation omitted).

## IV.   DISCUSSION

The parties agree that the case should be remanded because the ALJ's opinion contains reversible error. ECF No. 13 at 11; ECF No. 18 at 4. The parties disagree on whether the case should be remanded for further proceedings, as the Commissioner urges, or whether it should be remanded for an immediate award of benefits, as Plaintiff requests.

Plaintiff argues the ALJ erred by (1) finding Plaintiff's drug addiction or alcoholism (DAA) material; (2) not finding Plaintiff disabled; (3) not evaluating Plaintiff's testimony; and (4) assessing the medical opinion evidence. The Commissioner agrees that "the ALJ did not conduct a proper DAA analysis," and describes the ALJ error as a failure to "separate out the limiting effects of Plaintiff's co-occurring mental disorder from those of DAA." ECF No. 18 at 4. But the Commissioner argues that the Court should remand the case for further proceedings rather than remanding for an award of benefits. *Id.*

### A.   Materiality of DAA

"All adjudicators must provide sufficient information in their determination or decision that explains the rationale supporting their determination of the materiality of DAA so that a subsequent reviewer considering all of the evidence in the case record is able to understand the basis for the materiality finding and the determination of whether the claimant is disabled." Titles II & Xvi: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA), SSR 13-2P, 2013 WL 621536, at *2 (Feb. 20, 2013) ("SSR 13-2p"). The ALJ erred in its finding regarding materiality of DAA. The ALJ concluded that "when the claimant indicated he was still actively

5

smoking marijuana . . . , he still endorsed auditory and visual hallucinations.  Subsequently, the claimant denied any substance use, and mental status examination findings were normal." AR 26–27.  This contradicts the record, which indicates that Plaintiff continued to hear voices that caused him to be paranoid and isolative even when he was not using drugs.  *See* AR 665.  Moreover, a "'normal' designation of Plaintiff's 'mental status' is not only ambiguous but is also not dispositive of Plaintiff's mental health as a whole." *Moody v. Berryhill*, No. 16-cv-3646-JSC, 2017 WL 3215353, at *10 (N.D. Cal. July 28, 2017).

All three of the providers who considered whether Plaintiff's DAA was material concluded that it was not material.  AR 570–71 (Dr. Catlin) ("The claimant's mental health condition and his impairments and inability to function in the work place would still exist in even in the absence of his substance use disorder."), 607 (Dr. LaGue) ("Despite his struggles with substance abuse, the claimant's mental health condition and impairment in workplace functioning would still exist without the substance use disorder."), 717 (Ms. Pollutro) (answering "no" to the question, "If your patient has a Substance Use Disorder, would your patient's other impairment(s) be expected to significantly improve in the absence of substance use?").  For the reasons explained *infra*, the ALJ erred by disregarding the judgment of these medical providers and substituting his own.  *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (noting an ALJ "cannot arbitrarily substitute his or her own judgment for competent medical opinion," and must not "succumb to the temptation to play doctor and make [his or her] own independent medical findings").  His conclusion that Plaintiff would not be disabled in the absence of DAA is unsupported by substantial evidence and the Court accordingly reverses it.

**B.     Failure to Consider Plaintiff's Testimony**

The ALJ in this case wholly failed to evaluate Plaintiff's testimony.  In evaluating a claimant's testimony regarding subjective pain or symptoms, the ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying important which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified).  If the answer is yes, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific,

6

clear and convincing reasons for doing so." *Id.* (citation modified). Here, the ALJ failed to take into account Plaintiff's testimony at the hearing at all, and failed to identify specific, clear and convincing reasons for not considering Plaintiff's testimony, constituting legal error warranting reversal.

### C. Medical Opinion Analysis

#### 1. Dr. Catlin

An ALJ must explain how they "considered the supportability and consistency factors for a medical source's medical opinions," because these are the "most important factors" when determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(a), (b)(2). The ALJ in this case failed to do so. Instead, the ALJ found Dr. Catlin's opinions "minimally persuasive" because her "sole interaction with the claimant was a telephonic evaluation" and "much of her conclusions appear to be based on the claimant's own reporting." AR 23. This is error. Psychiatric diagnoses "will always depend in part on the patient's self-report," and "partial reliance on [a claimant's] self-reported symptoms is thus not a reason to reject [a psychiatrist's] opinion." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Moreover, Dr. Catlin also conducted a Montreal Cognitive Assessment, and evaluations such as "clinical interview[s] and . . . mental status evaluation[s] . . . are objective measures and cannot be discounted as a 'self-report.'" *Id.* Accordingly, the ALJ provided legally insufficient reasons for discrediting Dr. Catlin's opinions.

#### 2. Dr. Salvador-Moses

With regard to Dr. Salvador-Moses, the ALJ found it only "partially persuasive" for two reasons, but neither reason is supported by the evidence. First, the ALJ wrote that Dr. Salvador-Moses failed to assess the effect of Plaintiff's substance use. AR 23. But Dr. Salvador-Moses did consider Plaintiff's substance use history, because she based her opinion in part of "reported psychiatric history" and "review of records." AR 583. Moreover, the record supports that Plaintiff was not using drugs around the time of Dr. Salvador-Moses' evaluation, because a treatment note from the previous month observes that Plaintiff self-reported not using drugs, and two treatment notes from the same month fail to mention drug use. AR 676–77, 669–70.

7

Second, the ALJ identified an alleged inconsistency between Dr. Catlin's examination and Dr. Salvador-Moses's, because Dr. Catlin found that Plaintiff can follow instructions. AR 23. But Dr. Salvador-Moses found not that Plaintiff was unable to follow instructions but that he had difficulty understanding them, and Dr. Salvador-Moses still was able to perform a mental status examination. As such, the ALJ's identified inconsistency is no inconsistency at all, and does not justify his disregard of Dr. Salvador-Moses's opinion.

### 3. Dr. Stearns

As with Dr. Catlin, the ALJ did not explain how, if at all, he considered the supportability and consistency factors with respect to Dr. Stearns's opinion. The ALJ found Dr. Stearns' opinion "persuasive in the absence of substance use," AR 30, but then reached different conclusions as to the level of Plaintiff's impairments in mental functioning than Dr. Stearns did. Specifically, the ALJ incorrectly wrote that Dr. Stearns found "moderate impairment" across all four domains of mental functioning, and the ALJ also found moderate limitations. AR 26–30. But in reality, Dr. Stearn found a moderate limitation in one domain, "moderate to marked" limitations in two more domains, and a marked limitation in the final domain. AR 598. Moreover, the ALJ entirely failed to explain why he found Dr. Stearns' opinion persuasive only absent substance use. AR 30.

Dr. Stearns concluded that Plaintiff had a marked impairment in "concentration, persistence, or pace" constituting a "substantial loss in the ability to effectively function." AR 598. This substantial loss would "justify a finding of disability." SSR 96-9p. Accordingly, when properly credited, Dr. Stearns's opinion necessarily requires a finding of disability.

### 4. Dr. LaGue

The ALJ wrote that Dr. LaGue's opinion was "not persuasive" because Dr. LaGue found that Plaintiff had extreme limitations in three domains of mental functioning and a marked limitation in the remaining domain. AR 31. This, the ALJ wrote, was "inconsistent with that of every other opining source," because other providers found marked or moderate limitations. *Id.*

But the ALJ misrepresented Dr. LaGue's opinion, which actually found only one extreme limitation and three marked limitations. AR 608–09. In reality, then, Dr. LaGue's opinion aligned with Dr. Stearns—whom the ALJ found "persuasive in the absence of substance use"—in

8

two domains and was only one degree of severity higher in the other two domains. *Compare* AR 598–99 *with* AR 608–09. This purported discrepancy in two evaluations conducted more than six months apart does not justify the ALJ's wholly disregarding the opinion of Dr. LaGue.

### D. Remand for Additional Proceedings

Where "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (internal quotation marks omitted). The Court may only remand for an award of benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," *id.* at 1020, which necessarily means that "there are no outstanding issues that must be resolved before a determination of disability can be made," *id.* at 1020 n.26. The "proper" decision is, "except in rare circumstances," to allow the agency to conduct additional investigation or provide further explanation. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

As to the first element, the Commissioner only asserts summarily that "[t]he record is not free from conflicts and ambiguities, and further proceedings are warranted." ECF No. 18 at 3. The Commissioner does not identify any such conflict or ambiguity, and the Court does not see any. All the providers who opined on the topic in this case found that Plaintiff has impairments that would render him disabled within the meaning of the Social Security Act and that his DAA is not material.

As to the second element, the Court's order, *supra*, details the instances in which the ALJ failed to properly support his reasons for rejecting evidence. Moreover, the Commissioner agrees that "the ALJ did not conduct a proper DAA analysis." ECF No. 18 at 3.

As for the third element, "[h]ere, the ALJ found that Plaintiff would be disabled under the Social Security Act when considering [his] substance use . . . . Since the materiality finding was in error, the ALJ would be required to find Plaintiff disabled on remand, so an award of benefits is proper." *Kathryn L.M. v. Comm'r of Social Security*, No. 19-cv-7687-KAW, 2021 WL 4932727,

9

1   at *3 (N.D. Cal. Mar. 29, 2021); *see also A.M. v. O'Malley*, No. 23-CV-04889-NC, 2025 WL

2   304461, at *6 (N.D. Cal. Jan. 27, 2025) (same).

3       Taken together, the Court finds the "exceptional facts" of this case "counsel strongly in

4   favor of remanding for immediate payment of benefits." See *Trevizo v. Berryhill*, 871 F.3d 664,

5   683 (9th Cir. 2017) (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990)).  The Court

6   thus remands with instructions to the ALJ for the calculation and award of benefits.

## CONCLUSION

8       For the foregoing reasons, the Court grants Plaintiff's motion for reversal and remand.

9   The Court hereby remands this case for an immediate calculation and award of benefits.  The

10  Clerk shall enter judgment and close the file.

11  **IT IS SO ORDERED.**

12  Dated:  December 17, 2025



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

10